**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Jeannette D. Nelson,                                  Civil No. 05-1284 (DWF/JSM)

          Plaintiff,

v.                                                                **ORDER ADOPTING
                                                                   REPORT AND RECOMMENDATION**

Jo Anne B. Barnhart,
Commissioner of Social Security,

          Defendant.

---

Edward C. Olson, Esq., Olson Law Office, counsel for Plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, United States Attorney's Office, counsel for Defendant.

---

**INTRODUCTION**

This matter is before the undersigned United States District Court Judge pursuant to Plaintiff Jeanette D. Nelson's objections to the August 7, 2006, Report and Recommendation ("R&R") (Doc. No. 24) of Magistrate Judge Janie S. Mayeron recommending that Plaintiff's Motion for Summary Judgment be denied and that Defendant's Motion for Summary Judgment be granted.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c).  The factual and procedural background for the

above-entitled matter is clearly and precisely set forth in the R&R and is incorporated by reference for purposes of Plaintiff's objections.

## DISCUSSION

### I.  Standard of Review

A district court must make an independent, *de novo* evaluation of those portions of an R&R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.1(c)(2).

When reviewing a denial of benefits, the Commissioner's final decision must be upheld if it is supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *see also Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999); *Whitehouse v. Sullivan*, 949 F.2d 1005, 1006 (8th Cir. 1991). Substantial evidence is that which a reasonable mind might accept as adequate to support the Commissioner's conclusion. *See Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

In assessing the substantiality of the evidence, a court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); *see also Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993); *Locher v. Sullivan*, 968 F.2d 725, 727 (8th Cir. 1992); *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984). This standard "allows for the possibility of drawing two inconsistent conclusions, thus it

embodies a zone of choice within which the Commissioner may decide to grant or deny benefits without being subject to reversal on appeal." *Turley v. Sullivan*, 939 F.2d 524, 528 (8th Cir. 1991) (citing *Bland v. Bowen*, 861 F.2d 533, 535 (8th Cir. 1988)).

A court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker*, 730 F.2d at 1150. Rather, if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, then the Commissioner's decision must be affirmed. *See Young*, 221 F.3d at 1068 (citing *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995)).

## II.     Plaintiff's Objections

Plaintiff raises essentially four objections to the Magistrate Judge's recommendation that the ALJ's decision be upheld, namely: (1) that the opinion of Plaintiff's treating medical source, Susan Gillespie, M.S.L.P., is not entitled to controlling weight; (2) the R&R conclusion that the ALJ's finding that the opinion of Plaintiff's treating doctor was not consistent with Plaintiff's medical records and was treated as "substantial evidence" by the ALJ; (3) that the ALJ substituted his opinion for the opinions expressed by the medical experts in the case; and (4) an improper hypothetical question was posed to the Vocational Expert ("VE"), which did not accurately describe the limitations imposed by Plaintiff's impairments. Plaintiff also asserts that the R&R's conclusion regarding the

inconsistencies between the testimony of the VE and the Dictionary of Occupational Titles ("DOT") is erroneous.

### A. Opinion of Susan Gillespie, M.S.L.P.

#### 1. Objections 1-3

Plaintiff asserts that the Commissioner did not argue, nor does the R&R conclude, that the opinion of Susan Gillespie was not "well-supported by medically acceptable clinical and laboratory techniques." However, the record establishes that it was the Commissioner's view that the opinions expressed by Ms. Gillespie on a form she filled out on June 24, 2003, (Tr. 261-63) contained little, if any, support in medically acceptable clinical and laboratory techniques. This Court shares the observations of Magistrate Judge Mayeron that although the form that Ms. Gillespie filled out asked her to identify particular medical or clinical findings that supported her assessment of any limitations, for whatever reason, she did not do so. While Ms. Gillespie enumerated four diagnoses of Plaintiff, there was no support provided for her assertions or statements.

Moreover, a *de novo* review of the record establishes that Ms. Gillespie's opinions were inconsistent with her treatment notes. The R&R is replete with examples from treatments of Ms. Gillespie that did not support the conclusion that Plaintiff had no ability to concentrate or handle work stress. In fact, as observed by the R&R, at page 11, Dr. Frederiksen, the state agency reviewing psychologist,

explained in some detail why Ms. Gillespie's opinions regarding stress and ability to concentrate lacked support in her own treatment notes.

The record amply establishes that the ALJ relied on the opinion of Dr. Frederiksen, who reviewed the record shortly after Ms. Gillespie submitted the mental capacity assessment at issue. The record supports Dr. Frederiksen's conclusion that Ms. Gillespie's therapy notes in 2003 not only indicated improvement in Plaintiff's mental condition, but that there were no overt symptoms of depression or problems with attention or concentration noted by Ms. Gillespie. Significantly, Dr. Frederiksen found that the primary limitations and stress tolerance were due to Plaintiff's parenting and home schooling her two sons, and not due to work. The record supports that opinion of Dr. Frederiksen as well.

This Court must also necessarily conclude, as did the ALJ and the R&R, that Plaintiff's daily activities were inconsistent with someone who had no ability to concentrate and could not tolerate stress. As noted above, Plaintiff had managed to home school her son, who suffers from ADHD and ODD; act as a sponsor for three adults through Alcoholics Anonymous; cook, clean, drive, shop; care for her children; pay bills; and exercise, while attending AA meetings and church. In fact, one could suggest that such responsibilities and daily tasks are more difficult than many jobs, if not most jobs, in the workplace.

Consequently, based upon the Court's review of the entire record, it concludes that there is substantial evidence in the record as a whole to support the ALJ's finding that Ms. Gillespie's opinion that Plaintiff was not able to deal with work stresses and maintain attention and concentration, was inconsistent with the overall objective medical evidence, medical history, and with a wide range of daily activities. *See Nelson v. Sullivan*, 946 F.2d 1314, 1316 (8th Cir. 1991). The Court concludes that the ALJ's determination of Plaintiff's residual functional capacity ("RFC") was supported by substantial evidence when the administrative record is considered as a whole.

Therefore, based on the entire record, this Court concludes, as did the Magistrate Judge, that the ALJ gave proper weight to Ms. Gillespie's opinions. Consequently, there is no evidentiary foundation for Plaintiff's assertion that the ALJ substituted his judgment for that of Ms. Gillespie's.

### B. Vocational Expert

#### 1. Hypothetical question

Plaintiff also asserts that the hypothetical question posed to the Vocational Expert ("VE") did not accurately describe the limitations imposed by Plaintiff's impairments. Plaintiff, in effect, asserts that the ALJ's failure to properly determine her RFC, for the reasons stated above, precipitated an inaccurate hypothetical question. Admittedly, unless the hypothetical question comprehensively describes the limitations on a claimant's ability to function, a VE

will be unable to accurately assess whether jobs do exist for a claimant.  *Smith v. Shalala*, 31 F.3d 715, 717 (8th Cir. 1994).  However, while it is true that a hypothetical question must accurately set forth all of the claimant's impairments, it is also true that the question need only include those limitations accepted by the ALJ as true.  *Rappaport v. Sullivan*, 942 F.2d 1320, 1323 (8th Cir. 1991).  The primary focus of Plaintiff's assertion is on the ALJ's hypothetical question's failure to address Plaintiff's inability to deal with work stresses and maintain attention and concentration.  Since the Court has concluded that Plaintiff's RFC was properly determined for the reasons stated, the VE's testimony was considered and Plaintiff's work experience and all of her credible impairments and limitations were appropriate.  Thus, the ALJ reasonably relied on the VE's testimony that Plaintiff could perform her past relevant jobs as a receptionist or an insurance clerk, as customarily performed in the national economy.

### 2. Conflicts between the VE's testimony and the DOT

Plaintiff asserts that the VE's testimony conflicted with the DOT.  Plaintiff argues that if one assumes that the VE's hypothetical question was an accurate description of Plaintiff's impairments, the VE's answers did not constitute substantial evidence because the VE's answers–that Plaintiff could perform the occupations of receptionist or insurance clerk–conflicted with the applicable DOT.

Defendant does not disagree with the Plaintiff that the VE's answers conflicted with the DOT.  Instead, Defendant asserts that because no one pointed

out the conflict to the ALJ prior to his decision, his decision should stand. Alternatively, of course, Defendant submits, and this Court agrees, that the conflict is not substantial enough to warrant questioning the ALJ's reliance on the VE's testimony or otherwise remanding the case and requiring the ALJ to reopen the record.

In 1995, as pointed out by Magistrate Judge Mayeron, the Eighth Circuit took the position that, "when expert testimony conflicts with the DOT, the DOT controls." *Smith v. Shalala*, 46 F.3d 45, 47 (8th Cir. 1995). Later in 1995, in *Young v. Apfel*, 221 F.3d 1065, 1070 (8th Cir. 2000), the Eighth Circuit stated, "[t]he DOT classifications may be rebutted . . . with VE testimony which shows that 'particular jobs, whether classified as light or sedentary, may be ones that a claimant can perform.'"

On December 4, 2000, the Social Security Administration issued a Policy Interpretation Ruling, SSR 00-4p, Titles II and XVI: Use of Vocational Expert and Vocational Specialist Evidence, and other Reliable Occupational Information in Disability Decisions, 2000 WL 1898704 (SSA December 4, 2000), which clarifies what an ALJ must do when there is a conflict between the VE's testimony and the DOT. *Id*., 2000 WL 1898704, at *2. In pertinent part, SSR 00-4p provides that resolving conflicts in occupational information shall be resolved as follows:

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS

8

> evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.
>
> Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.

*Id*.

Based on these regulations, the Court concludes, consistent with the R&R, that as part of the duty of the ALJ to fully develop the record, the ALJ must inquire during the hearing as to whether there is an inconsistency between the VE's opinions and the DOT. In addition, the regulation instructs that the Court must not blindly accept the DOT position over that of the VE, but must look to the ALJ's reasoning in determining whether to rely on the VE's testimony.

SSR 00-4p also expands on the responsibility of the ALJ to ask about conflicts between the VE's testimony and the DOT. In this regard, the ruling provides:

> When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between the VE or VS evidence and information provided in the DOT. In these situations, the adjudicator will:
>
> Ask the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and

>   If the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.

*Id.*

The Court concludes that the ALJ performed his duties at the hearing and is not required to reopen the record.  There were no discrepancies identified at the hearing.  The ALJ fulfilled his statutory regulatory duty by asking the question about the DOT to the VE.  Taking the administrative record as a whole, the nature of the conflict between the VE's testimony and the DOT does not create a basis for requiring the ALJ to reopen this record or otherwise obligate this Court to remand this matter for that purpose.

## CONCLUSION

Based upon the *de novo* review of the administrative record taken as a whole and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1.   Plaintiff Jeanette D. Nelson's objections (Doc. No. 24) to Magistrate Judge Janie S. Mayeron's Report and Recommendation dated August 7, 2006, are **DENIED**.

2.   Magistrate Judge Janie S. Mayeron's Report and Recommendation dated August 7, 2006 (Doc. No. 18), is **ADOPTED**.

    3.       Plaintiff's Motion for Summary Judgment (Doc. No. 12) is **DENIED**.

    4.       Defendant's Motion for Summary Judgment (Doc. No. 15) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  September 29, 2006      <u>s/Donovan W. Frank</u>
                                          DONOVAN W. FRANK
                                          Judge of United States District Court